# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3520 | **DATE** | 6/27/2008 |
| **CASE TITLE** | Gennis Jamison (#2008-0008158) vs. Cook County Deputy Sheriff Petterson, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is stricken, with leave to renew. The plaintiff is granted thirty days in which either to file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit a proposed amended complaint (along with a judge's copy and service copies). Failure of the plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The clerk is directed to send the plaintiff an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order. The plaintiff is advised that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The plaintiff claims that the defendants, two sheriff's deputies, violated the plaintiff's constitutional rights by using unjustified force against him (fracturing the plaintiff's wrist while beating a detainee to whom the plaintiff was handcuffed at the time of the alleged assault).

The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with federal statutes and the rules of this court. The plaintiff's application to proceed *in forma pauperis* is not certified by a jail or prison official and does not include trust fund ledgers reflecting his income for the past six months. *See* 28 U.S.C. § 1915(a)(2). If the plaintiff wishes to proceed with this case *in forma pauperis* he must file a signed i.f.p. application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from December 16, 2007, through June 16, 2008]. A jail official must complete and sign the part of the form captioned "Certificate" on the back of the i.f.p. application. In the alternative, the plaintiff may pay the full $350 statutory filing fee. Failure to complete **(CONTINUED)**

mjm

**STATEMENT (continued)**

the required form fully or to otherwise comply with this order will result in dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

The plaintiff must also submit an amended complaint. The complaint the plaintiff submitted is missing page two. More importantly, the complaint provides no date of the alleged incident giving rise to this action. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).

In sum, if the plaintiff wishes to proceed with this suit, he must, within thirty days of the date of this order: (1) either file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or pay the full $350 filing fee; and (2) submit an amended complaint.

**As with every document filed with the court, the plaintiff must provide both the original and a judge's copy of the amended complaint**; he must also include a sufficient number of carbon copies or photocopies of the amended complaint for service on each named defendant. The clerk will provide the plaintiff with an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order. If the plaintiff fails to comply with the above directives within thirty days, the court will dismiss the case on the understanding that plaintiff does not wish to pursue this lawsuit.